**Chuan Kai CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1780–ag.**

United States Court of Appeals,
Second Circuit.

Jan. 3, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Russell E. Marsh, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Chuan Kai Chen, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*,

331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

Here, the IJ's findings are not such that "any reasonable adjudicator would be compelled to conclude to the contrary." *Gao*, 400 F.3d at 964. Chen testified that Bao Jiang was detained for ten days, then forced to undergo invasive surgery to complete the abortion. His mother added that Bao Jiang almost died during the surgery. Bao Jiang did not mention either the detention or the surgery in her corroborating statement. These omissions and inconsistencies are "not the sort of 'minor and isolated' discrepancies so plainly immaterial to a persecution claim that no reasonable fact-finder could use them as a basis for an adverse credibility ruling." *Zhou Yun Zhang*, 386 F.3d at 77 (quoting *Diallo*, 232 F.3d at 288). By presenting conflicting accounts of the events central to his asylum claim, Chen seriously undermined his credibility. *See id.; see also Secaida–Rosales*, 331 F.3d at 308. The IJ also noted other minor inconsistencies, which we find are supported by the record.

Chen did not address the IJ's denial of CAT relief in his brief before this Court and therefore this claim is deemed waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.